No. 204
CASCI v EVANS
Ohio Appeals, 5th Dist., Knox Co.
No. 163. Decided Oct 27, 1921.

112. ATTACHMENT—Purchasing partner cannot claim partnership property exempt from attachment unless purchase was bona fide.

HOUCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Petition in error from common pleas predicated on the overruling of motion to discharge an attachment issued by a justice of the peace. Casci and DiPiero were partners and it is claimed that prior to the attachment the partnership had been dissolved and the property purchased by Casci, and that he was entitled to exemption for the reason that he is a resident of Ohio, the head of a family and without a homestead. Evans is a creditor of the partnership and alleged in his affidavit that the defendants had removed and disposed of their property with the intention to defraud creditors. On appeal the judgment was affirmed and remanded for execution, the court holding:

1. Though the evidence is conflicting the court is not able to say that it is not sufficient to sustain the allegations of fraud, and the judgment of a trial judge upon the sufficiency and weight of the evidence will not be disturbed when the evidence is such that different minds might reach different conclusions.

2. The testimony clearly discloses that Casci did not act in good faith and that the transactions between him and others interested in the property attached were not consonant with his claim of good faith, but were in fact and law such as to constitute a fraud upon the rights of Evans.

Attorneys—P. L. Wilkins for Casci; W. G. Koons and W. M. Koons, Mt. Vernon, for Evans.

No. 205
CURRENT v. CURRENT
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5237. September 22, 1924.

413. DIVORCE AND ALIMONY—1. Alimony in sum of $600 payable in installments of $25 monthly is not excessive.

2. Such allowance is part of decree for divorce and made while marital relation exists that it is payable in installments does not affect jurisdiction.

3. Property acquired whether derived from personal earnings or otherwise is subject to alimony.

4. That alimony is payable out of personal earnings must affirmatively appear of record to raise objection.

5. Alimony like custody of minor children is based on breach of marital relation and is not distinguishable.

SULLIVAN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Alimony in the sum of $600, payable in monthly installments of $25 was allowed Lulu Current on her divorce from James A. Current. She was also allowed her own real estate certain personal property. It was contended, there being no children, that the alimony was excessive. That alimony is payable to a wife only and so far as installments are concerned are payable only to a divorced woman. That alimony cannot be allowed out of earnings. Affirming the judgment the court of appeals held:

1. Alimony in the sum of $600, payable in monthly installments of $25 is not excessive.

2. Alimony allowed with decree of divorce is part and parcel of decree and necessarily allowed while marital relation exists and being payable in installments does not destroy the award of gross sum.

3. That alimony is payable out of future earnings must affirmatively appear of record to invalidate presumption.

4. Property acquired whether derived from personal earnings or otherwise is subject to alimony.

5. Alimony payable in gross or in installments is not invalid because proceeds of earnings must be applied to its extinguishment. Hefleblower v. Hefleblower, 102 O. S. 645; v. Howe, 29 Dec. 413; 21 N. P. N. S. 324.

6. Alimony based on aggression of husband, like custody of children grows out of same grievance, breach of marriage relation. West v. West, 100 O. S. 33.

Attorneys—A. M. Gibbons, for James. O. P. Goudy, for Lulu; Cleveland.